**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| **BLANCHARD 1986 LTD.** | **CIVIL ACTION NO. 04-1864** |
| **TORTUGA OPERATING CO.** | |
| **TORTUGA INTERESTS INC.** | |
| **JOHN E HINE** | |
| **PETER L TURBETT** | |
| **ATLANTIC RICHFIELD CO.** | |
| **ALSO KNOWN AS B P AMOCO** | |
| **TEXACO EXPLORATION & PRODUCTION INC.** | |
| **LINDER OIL CO.** | |
| | |
| **VS.** | **JUDGE MELANÇON** |
| | |
| **PARK PLANTATION LLC** | **MAGISTRATE JUDGE METHVIN** |
| **NANCY BLANCHARD** | |
| **BETTY BLANCHARD** | |
| **ATLANTIC RICHFIELD CO.** | |
| **PAUL MACLEAN** | |

### *REPORT AND RECOMMENDATION*

Before the court are seven motions to dismiss and/or for summary judgment filed by the parties in this case.[1]  Oral argument was held on June 20, 2007.

In general, plaintiffs seek summary judgment on their claims on the basis of *res judicata*, and defendants seek dismissal of the claims for lack of subject matter jurisdiction and for failure to state a claim.  The latter claims were converted to motions for summary judgment pursuant to Rule 12(b), because they presented matters outside the pleadings.

---

[1] Before the court are the following motions:

1. Motion for Summary Judgment filed by Texaco Exploration & Production, Inc. (Rec. Doc. 90);
2. Motion for Summary Judgment filed by Atlantic Richfield Co. (Rec. Doc. 91);
3. Motion to Dismiss filed by Paul Maclean (Rec. Doc. 92);
4. Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6) filed by Park Plantation L.L.C. and Nancy Blanchard (Rec. Doc. 94);
5. Motion to Strike Jury Demand filed by Blanchard 1986 Ltd, John Hine, Peter Turbett, and Tortuga Interests, Inc. (Rec. Doc. 95);
6. Motion for Summary Judgment filed by Blanchard 1986 Ltd, John Hine, Peter Turbett, and Tortuga Interests, Inc. (Rec. Doc. 96);
7. Motion to Dismiss Pursuant to Rule 12(b)(1) filed by Betty Blanchard (Rec. Doc. 143).

2

For the following reasons, the undersigned concludes that this court lacks subject matter jurisdiction to adjudicate the claims. Accordingly, it is recommended that defendants' motions to dismiss pursuant to Rule 12(b)(1) be granted, and that this suit be dismissed without prejudice.

## I. Background

This is the fourth lawsuit filed since 1986 in connection with a mineral lease on property owned (at various times) by defendants Betty Blanchard, Nancy Blanchard, Paul Maclean, and/or Plantation LLC. The three previous cases were filedTwo of the cases were filed in state court, and two were filed in federal court, as summarized below:

**Blanchard I:** In 1986, Betty Blanchard and Paul Maclean filed a state court "Petition for Cancellation of Mineral Lease, Damages and Attorney's Fees" in the 16th Judicial District Court for St. Mary Parish, Louisiana.[2] The suit sought damages against ARCO, Texaco, and Tortuga for damages resulting from an alleged breach of a mineral lease on the property in question, and sought other relief associated with the mineral lease.

The case was settled in 1996, and the parties entered into a Receipt, Release and Settlement Agreement ("Settlement Agreement"),[3] which included an Option to Purchase

---

[2] Rec. Doc. 96, Exhibit "A". The defendants were Atlantic Richfield Company ("ARCO"), Texaco, Inc., Tortuga Operating Company, Tortuga Interests, Inc. The petition was amended to add Paul Maclean as a plaintiff and the additional defendants: Blanchard 1986 Ltd., TXO Production Corporation, John E. Hine, and Peter L. Turbett.

[3] Rec. Doc. 96, Exhibit "B". Betty Blanchard was paid $530,000.00.

3

Immovable Property (the "Option"),[4] and an Amendment and Ratification of Oil, Gas and Mineral Lease.[5]

**Blanchard II:** In 2001, Park Plantation L.L.C. (Betty Blanchard's successor) filed suit in this court against the same defendants as Blanchard I.[6] The suit sought dissolution of the Settlement Agreement and the Option confected in Blanchard I, and remediation of environmental damages. On July 15, 2002, Magistrate Judge Hill issued a report recommending dismissal of the case for failure to state a cause of action, prescription, lack of standing, and because indispensable parties were not joined.[7] Judge Melançon adopted the recommendations and entered judgment dismissing the case with prejudice.[8] On June 9, 2003, the Fifth Circuit affirmed the judgment.[9]

**Blanchard III:** On April 20, 2004, Park and Nancy Blanchard (Betty Blanchard's daughter) filed suit in the 24th Judicial District Court for the Parish of Jefferson raising many of the same issues asserted in Blanchard I and II..[10] The Blanchard III defendants filed an exception of res judicata, arguing that the claims were barred because they were and/or could have been

---

[4] Rec. Doc. 96, Exhibit "C".

[5] Rec. Doc. 96, Exhibit "D".

[6] Park Plantation v. Blanchard 1986 Ltd., et al, Civil Action No. 04-1480, Rec. Doc. 1.

[7] See 01CV1480, Rec. Doc. 68.

[8] See 01CV1480, Rec. Doc. 74.

[9] Rec. Doc. 96, Exhibit "H".

[10] The petition was amended to name the following defendants: Linder Oil Company (the current operator of oil and gas production on the property), Betty Blanchard, Blanchard 1986, Tortuga Operating, Tortuga Interests, Hine, Tubett, BP (as successor to ARCO), Marathon Oil, and Chevron-Texaco Rec. Doc. 96, Exhibits "I" through "M".

4

brought in this court during Blanchard II. On May 8, 2006, the state court entered judgment denying the exception of res judicata, finding that this court did not have subject matter jurisdiction in Blanchard II, and that therefore its assessment of the merits was essentially dicta:

> Exception of Res Judicata does not apply to these causes of action. BBII was dismissed on both R. 12(b)(6) (failure to state a claim) and R. 12(b)(1) motions (lack of subject matter jurisdiction). Louisiana and federal jurisprudence hold that when a Fed.R.Civ.P. 12(b)(1) motion is filed in conjunction with other R. 12 motions (ie: 12(b)(6)) the courts should give R. 12(b)(1) motions precedence. After all, if the court lacks subject matter jurisdiction, assessment of the merits becomes a matter of purely "academic interest." Since BBII found that plaintiff, PP L.L.C., lacked standing (ie: lack of jurisdiction) the court did not have the authority to decide the substantive issues of failure to state a claim or prescription. Therefore, the decision is BBII regarding failure to state a claim and prescription have no res judicata effect on the claims brought in this case.[11]

**Blanchard IV (the instant suit):** The defendants in the pending state court suit (Blanchard III) filed suit in this court seeking to enjoin Park, Betty Blanchard and Nancy Blanchard from litigating claims in that suit which were dismissed by this court in Blanchard II. In addition, plaintiffs seek a declaratory judgment that Betty Blanchard is contractually obligated to indemnify and hold plaintiffs harmless for the claims asserted in Blanchard III. Alternatively, plaintiffs seek specific performance of the contractual obligation of defendants to sell, transfer, and assign the property subject to the Option and to assign environmental claims made in the state court action to plaintiffs.

Subsequently, Betty Blanchard filed a third-party complaint against Paul Maclean, seeking indemnification for a portion of the claims asserted.

## II. Issues Presented

---

[11] Rec. Doc. 96, Exhibit "P".

5

The motions before the court raise the following key issues:  1) whether this court has subject matter jurisdiction; 2) if so, whether this court should abstain from exercising jurisdiction; and 3) whether this court should enjoin the state court action and enter a declaratory judgment on the merits.

6

## III. Law and Analysis

The Fifth Circuit instructs that when a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. Hitt v. City of Pasadena, 561 F.2d 606, 608 (5th Cir. 1977) (*per curiam*).

> This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction.

Ramming v. U.S., 281 F.3d 158, 161 (5th Cir.(Tex.) 2001), *citing* Hitt, *supra.*

Accordingly, the issue of subject matter jurisdiction will be addressed first, and then, only if necessary, turn to the merits of the case.

### *A.  Rule 12(b)(1) Standard*

Rule 12(b)(1) FED.R.CIV.P. governs challenges to a court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir.1998) (*quoting* Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir.1996)). "Courts may dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Clark v. Tarrant County, 798 F.2d 736, 741 (5th Cir.1986) (*citing* Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir.1981)). The plaintiff

7

bears the burden of demonstrating that subject matter jurisdiction exists. Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir.1981).

The district court is empowered to consider disputed matters of fact in resolving a Rule 12(b)(1) motion. Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir.1981). A court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a determination of the merits and is without prejudice. Ramming v. U.S., 281 F.3d 158, 161 (5th Cir.(Tex.) 2001) *citing* Hitt v. City of Pasadena, 561 F.2d 606, 608 (5th Cir.1977) (*per curiam*).

### *B. Basis for Jurisdiction*

The Complaint asserts jurisdiction pursuant to the All Writs Act, Declaratory Judgment Act, and ancillary jurisdiction.[12] However, the All Writs Act and Declaratory Judgment Act do not provide an independent grant of jurisdiction. Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 33 123 S.Ct. 366, 370, 154 L.Ed.2d 368 (2002) (All Writs Act), Brown v. U.S., 116 Fed.Appx. 526, 527 (5th Cir. 2004) (All Writs Act); TTEA v. Ysleta del Sur Pueblo, 181 F.3d 676 (5th Cir. 1999)(Declaratory Judgment Act).

Ancillary jurisdiction can provide the basis for jurisdiction if the case relates to a primary lawsuit which the court currently has jurisdiction over or if it is necessary for the court to exercise jurisdiction over a second action in order 'to secure or preserve the fruits and advantages of a judgment or decree rendered' by that court in a prior action [over which it had jurisdiction]." Royal Ins. Co. of America v. Quinn-L Capital Corp., 960 F.2d 1286, 1292 (5th Cir. 1992) *quoting* Southmark Properties v. Charles House Corp., 742 F.2d 862, 868 (5th Cir.1984) *quoting* Local Loan Co. v. Hunt, 292 U.S. 234, 238, 54 S.Ct. 695, 696, 78 L.Ed. 1230 (1934); *see also* Peacock

---

[12] There is no dispute that the court does not have diversity jurisdiction.

8

v. Thomas, 516 U.S. 349, 355, 116 S.Ct. 862, 133 L.Ed.2d 817 (1996); Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 34, 123 S.Ct. 366, 371, 154 L.Ed.2d 368 (2002).

Thus, in this case, ancillary jurisdiction will attach only if the court had jurisdiction over the prior federal court action, i.e., Blanchard II. If the court in Blanchard II had jurisdiction, this court does as well. If, however, the court in Blanchard II did not have subject matter jurisdiction, that case cannot provide a basis for ancillary jurisdiction in the instant case.

### *Does Blanchard II provide a basis for ancillary jurisdiction?*

Defendants contend that since this court concluded that the plaintiff in Blanchard II (Park) did not have standing to assert the claims presented, this court lacked subject matter jurisdiction in Blanchard II, and accordingly, that case cannot provide the basis for the exercise of ancillary jurisdiction.

Plaintiffs assert that Judge Hill's report only dealt with Rule 12(b)(6) issues, and since the dismissal was with prejudice, the merits of the case were reached and it can be assumed that the court had jurisdiction. Plaintiffs argue that defendants should not be allowed to collaterally attack the jurisdiction over Blanchard II.

It is well settled that unless a plaintiff has standing, a federal district court lacks subject matter jurisdiction to address the merits of the case. In the absence of standing, there is no "case or controversy" between the plaintiff and defendant which serves as the basis for the exercise of judicial power under Article III of the constitution. Warth v. Seldin, 422 U.S. 490, 498-499, 95 S.Ct. 2197, 2206 (1975). "'In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.' Warth v. Seldin, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Thus, standing must be inquired into as

9

part of the court's determination of whether it has subject matter jurisdiction. <u>Golding v. Bartholow</u>, 166 F.3d 710 (5th Cir. 1999). If the court finds that it lacks subject matter jurisdiction, it has a duty to dismiss the case. Fed.R.Civ.P. 12(h)(3). Standing, therefore, determines the courts' "fundamental power even to hear the suit." <u>Grant ex rel. Family Eldercare v. Gilbert</u>, 324 F.3d 383, 386 (5th Cir. 2003) *citing* <u>Ford v. Nylcare Health Plans, Inc.</u>, 301 F.3d 329, 333 (5th Cir.2002).

Magistrate Judge Hill's Report and Recommendation in Blanchard II addressed each claim asserted by Park on the merits. Judge Hill recommended dismissal of the claims on the following grounds:

1. failure to state a cause of action for recision of the settlement agreement;

2. failure to state a cause of action for breach of contract;

3. plaintiff's claim was prescribed;

4. plaintiff lacked standing to bring the suit; and

5. indispensable parties were not joined in the action.

With respect to the standing issue, Judge Hill concluded that since Park was not a party to the settlement agreement reached in Blanchard I, he had no standing to seek annulment of that agreement, or portions thereof:

> The release which is sought to be annulled contains not only an option to purchase land or an oil and gas lease, but rather they are terms of, and form a portion of, a settlement agreement confected in order to put an end to a previously existing lawsuit. As such, under Louisiana law, the release with the attached documents constitute a transaction or compromise which is an agreement between the parties to that lawsuit confected in order to put an end to that lawsuit. See *Dumas,* 742 So.2d at 660, supra. and La. C.C. art. 3071. To allow Park to void the settlement of that lawsuit, to which it was not a party, runs against the basic tenets of contract law as provided by article 2031 and against the public policy of the state in

10

favoring settlements. Since Park is not the person for whom the nullity was established, Park lacks standing to void the settlement agreement.[13]

Judge Hill also concluded that Betty and Nancy Blanchard and Paul Maclean were necessary parties to the action because they were the proper parties to bring suit.[14]

Although the plaintiff in Blanchard II filed objections to Judge Hill's Report and Recommendation, the court adopted the report without discussion on August 29, 2002, and a judgment was entered dismissing the case with prejudice.[15]

There is no dispute that Judge Hill concluded that Park did not have standing to bring Blanchard II. As discussed above, standing determines the court's power to hear the case, and when a party lacks standing, the court does not have subject matter jurisdiction. Thus, the determination that Park did not have standing was a finding that the court did not have subject matter jurisdiction.

Plaintiffs maintain that Judge Hill's discussion of standing was in relation to a pending 12(b)(6) motion and that shows that the court addressed the merits of the case and did not decide the case based on jurisdictional issues. In support, plaintiffs cite Hosein v. Gonzales, 452 F.3d 401 (5th Cir. 2006) for the proposition that it is proper for a court to dismiss claims for lack of standing under Rule 12(b)(6). Hosein does in fact allow for dismissal under Rule 12(b)(6) for lack of standing. This point, however, is completely irrelevant to the issue at hand. Regardless of *how* the case was dismissed, i.e., pursuant to Rule 12(b)(6), the fact remains that the Fifth Circuit acknowledged that if the plaintiff could not show that there was a "case or controversy,"

---

[13] See 01CV1480, Rec. Doc. 68 at p. 61.

[14] See 04CV1480 Rec. Doc. 68 at p. 71-72.

[15] See 01CV1480, Rec. Doc. 74.

11

i.e., plaintiff did not have standing, *the court is without jurisdiction*. Id. at 403. Hosein therefore shows that regardless of the mode of dismissal, i.e., Rule 12(b)(6) or Rule 12(b)(1), a dismissal for lack of standing is a dismissal for lack of subject matter jurisdiction. Thus, the finding that the plaintiff in Blanchard II lacked standing was a finding that the court lacked subject matter jurisdiction, regardless of the fact that the finding was made upon motion under Rule 12(b)(6).

Plaintiffs also argue that the issue regarding subject matter jurisdiction in Blanchard II is res judicata and not subject to attack in this case. Plaintiffs maintain that since Blanchard II was dismissed with prejudice, the dismissal was on the merits and the court implicitly concluded that it had subject matter jurisdiction. Plaintiffs rely on Royal Insurance Co. of America v. Quinn-L Capital Corp., 960 F.2d 1286 (5th Cir. 1992) for the rule that the subject matter jurisdiction of a court cannot be collaterally attacked in a subsequent litigation. In Royal, the first court adjudicated the merits of the claims and entered a declaratory judgment that insurer did not have to defend and indemnify the defendant. After a state suit was filed, the insurer filed a second federal action asserting that the court had ancillary jurisdiction to enter another declaratory judgment that would establish that the insurer did not have to defend or indemnify the defendant. In challenging the court's ancillary jurisdiction, the defendant argued for the first time that the court in the first case did not have subject matter jurisdiction. In finding that the defendant could not challenge the first court's subject matter jurisdiction, the Fifth Circuit noted:

> The question is not whether the issue of subject matter was actually litigated, but instead whether the parties had the opportunity to raise the question. *Republic Supply Co. v. Shoaf*, 815 F.2d 1046, 1053 (5th Cir.1987). If the parties against whom judgment was rendered did not appeal, the judgment becomes final and the court's subject matter jurisdiction is insulated from collateral attack. *Id*. See also *Donovan v. Mazzola*, 761 F.2d 1411, 1416 n. 2 (9th Cir.1985).

12

The principal applied in Royal is certainly applicable to the case at bar. That is, the court's ruling on whether it has subject matter jurisdiction has res judicata effect in the pending action. The application of this rule to the facts of the case, however, results in a different outcome than that of Royal. In Royal, the court issued a final judgment on the merits of the case without discussing jurisdictional-related issues. Implicit in that court's judgment, therefore, was a finding that the court had subject matter jurisdiction. Here, however, the court adopted a Report and Recommendation that *specifically* found that a party did not have standing, which was a finding that the court did not have subject matter jurisdiction.

Moreover, the fact that the dismissal was with prejudice is not determinative of the issue currently before the court. The wording of the dismissal in Blanchard II causes confusion because dismissal for lack of subject matter jurisdiction/standing is usually without prejudice, while dismissal for failure to state a claim is with prejudice. Sepulvado v. Louisiana Bd. of Pardons and Parole, 114 Fed.Appx. 620, *2 (5th Cir. 2004). Although the dismissal was with prejudice, there is no authority for the proposition that the wording of the dismissal can alter the substantive finding of lack of jurisdiction.[16] To the contrary, the fundamental necessity of subject matter jurisdiction is "inflexible and without exception" and it follows that the lack of jurisdiction cannot be cured by the court's wording of the dismissal order. *See* Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884).

---

[16] There are instances where a dismissal for lack of standing is with prejudice. *See* Baton Rouge Building And Construction Trades Council AFL-CIO v. Jacobs Constructors, Inc., 804 F.2d 879 (5th Cir. 1986) (dismissal with prejudice); Westfall v. Miller, 77 F.3d 868 (5th Cir. 1996) (dismissal with prejudice). Plaintiffs have offered, nor has the undersigned's research revealed, support for the assertion that despite a clear indication by the court that it does not have subject matter jurisdiction, the wording of the dismissal can be used as a foundation for conferring jurisdiction.

13

Likewise, the fact that the Report and Recommendation, in an effort to be thorough, addressed all issues raised, including the merits, cannot alter the fact that once the court determined that plaintiff did not have standing, the court lacked subject matter jurisdiction. The importance of first determining jurisdictional issues prior to addressing the merits of the case was reiterated by the Supreme Court in Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95, 118 S.C. 1003, 140 L.Ed.2d 210 (1998). In Steel, the Court stated "For a court to pronounce upon the meaning or the constitutionality of a state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires." Although Blanchard II involved both a discussion of the merits of the case and jurisdictional issues, the finding of lack jurisdiction preempts the merits review.

Considering the foregoing, the undersigned concludes that the Blanchard II finding that Park did not have standing, i.e., that the court did not have subject matter jurisdiction, has res judicata effect. This court is, therefore, bound by the finding that the court in Blanchard II did not have subject matter jurisdiction.

Because the court in Blanchard II determined that it did not have subject matter jurisdiction, there is no basis for the application of ancillary jurisdiction in the case at bar. Thus, the undersigned concludes that this court does not have subject matter jurisdiction to adjudicate the claims presented in this case. It is important to note that this is, in addition to being correct under the applicable law, the appropriate finding for practical reasons as well. Plaintiffs seek to have the court use the Blanchard II dismissal with prejudice against the *wrong* party (Park) as grounds for having jurisdiction and as the basis for entering a judgment against the *correct* parties (Betty and Nancy Blanchard and Paul Maclean). In effect, plaintiffs seek to prohibit the

parties who have standing to bring suit from raising the claims that the court concluded only they could raise. This clearly offends the dictates of the applicable standing and jurisdictional rules, as well as the tenets of fairness.

Accordingly, it is recommended that this case be dismissed without prejudice for lack of subject matter jurisdiction.

### C.  Alternative Finding - Abstention

Even if the court has jurisdiction, which the undersigned finds it does not, should it exercise that jurisdiction?  The undersigned concludes that in the event the court has jurisdiction, it should abstain from exercising it in this case.

"[F]ederal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary."  Webb v. B.C. Rogers Poultry, Inc., 174 F.3d 697, 701 (5th Cir. 1999) *citing* Quackenbush v. Allstate Insurance Co., 517 U.S. 706, 731, 116 S.Ct. 1712, 1135 L.Ed.2d 1 (1996).  Here it appears that the case is seeking equitable relief (an injunction and declaratory judgment), and therefore, abstention is an option.

#### *The Colorado River abstention doctrine*

The Colorado River abstention doctrine is based on principles of federalism, comity, and conservation of judicial resources.  Colorado River Water Conservation Dist. v. U.S., 424 U.S. 800, 813, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).  In determining whether to apply the doctrine the court should look to six factors:

> (1) assumption by either court of jurisdiction over a res; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

15

Black Sea Inv., Ltd. v. United Heritage Corp., 204 F.3d 647, 650 (5th Cir. 2000) *citing* Murphy v. Uncle Ben's, Inc., 168 F.3d 734, 737 (5th Cir.1999) and Evanston Ins. Co. v. Jimco, Inc., 844 F.2d 1185, 1189 (5th Cir.1988).[17]

Applying these factors to the case at bar, it is clear that the court should abstain from exercising jurisdiction. Although factors 1 and 2 do not favor nor disfavor abstention, the remaining factors show that abstention is appropriate. The third factor favors abstention because if this court exercises jurisdiction, piecemeal litigation will result. The federal case relates only to a few of the issues that are pending before the state court, thus even if the court were to

---

[17] Defendants argue that the court may abstain under the Brillhart abstention doctrine. Brillhart v. Excess Insurance Co. of America, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). The Fifth Circuit addressed the interplay of the Brillhart and Colorado River doctrines:

> Brillhart abstention is applicable "[w]hen a district court is considering abstaining from exercising jurisdiction over a declaratory judgment action." "In contrast, when actions involve coercive relief the trial court must apply the standards enunciated by the Court in Colorado River." United Heritage concedes that Black Sea has requested both declaratory and injunctive relief, but argues that Brillhart is nevertheless applicable because Black Sea's claims for coercive relief are merely "ancillary" to its request for declaratory relief. This Circuit has rejected similar arguments on at least two occasions. When a party seeks both injunctive and declaratory relief, the appropriateness of abstention must be assessed according to the doctrine of Colorado River; the only potential exception to this general rule arises when a party's request for injunctive relief is either frivolous or is made solely to avoid application of the Brillhart standard. As there is no indication that Black Sea's request for injunctive relief is either frivolous or made in an effort to avoid the Brillhart doctrine, the appropriateness of abstention in the instant case is properly assessed under Colorado River only.

Black Sea Inv., Ltd. v. United Heritage Corp., 204 F.3d 647, 652 (5th Cir. 2000) (citations omitted).

Accordingly, the court should use the Colorado River doctrine rather than the Brillhart in determining whether to abstain. Likewise, the Burford abstention doctrine does not appear to be applicable. The Burford doctrine allows a federal court to abstain from exercising its jurisdiction in deference to complex state administrative procedures:

> Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."

Webb v. B.C. Rogers Poultry, Inc., 174 F.3d 697, 700 (5th Cir. 1999) *citing* New Orleans Pub. Serv., Inc. v. Council of New Orleans ( "NOPSI" ), 491 U.S. 350, 361, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989) *quoting* Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 814, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

exercise jurisdiction and enjoin the state court proceedings and enter declaratory judgment, the state court case would continue to proceed because it involves claims that would not be covered by the federal court orders. Likewise, the fourth factor favors abstention because the state court obtained jurisdiction first and that court has taken steps in exercising its jurisdiction by ruling on the exceptions and considering the pending appeal. Additionally, the fifth and sixth factors provide a basis for abstention because state law provides the rule of law concerning the substantive issues, and the state proceedings are adequate to protect the federal court plaintiffs' rights.

Moreover, from a practical standpoint, it makes sense to abstain. If this court would have jurisdiction and asserted it to defend the previous order, it would invite additional ancillary litigation because the state court suit is not coextensive with the federal case. Because the possible federal injunction would not be applicable to all claims pending in state court, the federal court would have to monitor the state court proceedings and to discern what is or is not covered by the injunction, which "would constitute a form of monitoring of the operation of state court functions that is antipathetic to established principles of comity." O'Shea v. Littleton, 414 U.S. 488, 94 S.Ct. 669, 679, 38 L.Ed.2d 674 (1974). Moreover, the confusion and expense that would arise from the dual court proceedings, coupled with the fact that the state court is a more than adequate venue to litigate these state claims, show that assertion of federal jurisdiction is unwarranted in this case.

Furthermore, fundamental fairness dictates that this court abstain from entering judgment in this case. The fairness problem was summarized by Betty Blanchard in her reply brief as follows:

> In Civil Action 01-1480, Betty Blanchard was told that Park Plantation - an entity
> in which she was a principal - was not the proper party to bring the claims raised

17

in that complaint. She was further told that she was the only party that could bring those claims and that it was necessary that she be made a party. The case was dismissed, however, without her having been made a party. Following the court's own comment that Park Plantation would be allowed to file the same claims in state court, it did just that. There is nothing disingenuous about Betty Blanchard wanting to have the claims asserted by Park Plantation in a court of competent jurisdiction. If this court provides petitioners the relief they seek, the only party with the legal right to assert certain claims of nullity will have twice been foreclosed from even asserting those claims; yet the merits of those anticipated claims will have been determined. On two occasions, a federal district court will have effectively rendered an advisory opinion, telling Mrs. Blanchard that even though her claims have never been properly presented to a federal district court, it finds her claims to be baseless.[18]

Considering the foregoing, the undersigned finds that, in the event the court determines that it has subject matter jurisdiction, abstention is appropriate in this case.

## *D. Remaining Motions*

Considering the foregoing conclusion that this court does not have subject matter jurisdiction, and the alternative conclusion that if jurisdiction does exist it should not be exercised, the remaining motions will not be addressed, in accordance with Fifth Circuit jurisprudence.

## **IV. Conclusion**

For the foregoing reasons, it is recommended that the motions to dismiss for lack of subject matter jurisdiction be granted, and that all claims be dismissed in their entirety. In the alternative, it is recommended that if the court determines it has jurisdiction, that it abstain from exercising that jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), Fed.R.Civ.P., the parties have ten (10) days from receipt of this Report and Recommendation to file specific,

---

[18] Rec. Doc. 144 at p. 8- 9.

written objections with the Clerk of Court. Counsel are directed to furnish a courtesy copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its receipt, or within the time frame authorized by Rule 6(b) Fed.R.Civ.P., shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on July 30, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)